[Cite as *In re D.C.A.*, 2010-Ohio-2647.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: D. C. A.


KIMBERLY F. ANDERSON

      Applicant


Case No. V2009-40854

Commissioners:
Lloyd Pierre-Louis, Presiding
Karl C. Kerschner
Randi M. Ostry
ORDER OF A THREE-COMMISSIONER PANEL

{¶ 1} On July 14, 2009, applicant, Kimberly Anderson, filed a compensation application as the result of a shooting incident concerning her son, D.C.A. On September 23, 2009, the Attorney General issued a finding of fact and decision denying an award in this case since D.C.A. refused to fully cooperate with law enforcement in this matter, which is required pursuant to R.C. 2743.60(C). On October 7, 2009, the applicant submitted a request for reconsideration. On December 1, 2009, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On December 8, 2009, the applicant filed a notice of appeal from the December 1, 2009 Final Decision of the Attorney General.

{¶ 2} Prior to the hearing, the Attorney General filed a brief. The brief revealed additional information that had been discovered. The Cleveland Police Department verified that on the day of the incident, November 30, 2007, D.C.A. was engaged in drug trafficking in violation of R.C. 2925.03. Hospital personnel had recovered eleven bags of marijuana from D.C.A.'s person upon his admission to the hospital. The Attorney General asserts, based upon this newly discovered evidence and the fact that the alleged shooting and trafficking took place in front of John Adams High School, it has been proven, by a preponderance of the evidence, that D.C.A. engaged in drug

trafficking in violation of R.C. 2925.03 and accordingly, this claim should be denied pursuant to R.C. 2743.60(E)(1)(c).

{¶ 3}   A hearing was held before this panel of commissioners on March 3, 2010 at 10:15 A.M.   Assistant Attorney General Janean Weber appeared on behalf of the state of Ohio.   Neither the applicant, nor her attorney appeared at the hearing. Whereupon, the Attorney General rested on its brief and the case was concluded.

{¶ 4}   R.C. 2743.60(E)(1)(c) states:

"(E) (1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

"(c) It is proved by a preponderance of the evidence that the victim or the claimant engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim or during the pendency of the claim, in an offense of violence, a violation of section 2925.03 of the Revised Code, or any substantially similar offense that also would constitute a felony under the laws of this state, another state, or the United States."

R.C. 2925.03(A)(1) and (2) state:

"(A) No person shall knowingly do any of the following:

"(1) Sell or offer to sell a controlled substance;

"(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

R.C. 2925.03 (A)(3)(b) states:

"(3) If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:

"(b) Except as otherwise provided in division (C)(3)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."

{¶ 5} From review of the case file and the Attorney General's brief and supporting documentation, we find the applicant's claim should be denied pursuant to R.C. 2743.60(E)(1)(c). The Attorney General has proven by a preponderance of the evidence that D.C.A. was engaged in trafficking in marijuana in front of a school at the time he was injured. Such conduct violates R.C. 2925.03 and pursuant to R.C. 2925.03(A)(3)(b) constitutes a felony of the fourth degree. Since we have decided this claim pursuant to R.C. 2743.60(E)(1)(c) we need not address the issues raised by R.C. 2743.60(C). Therefore, the December 1, 2009 decision of the Attorney General is affirmed.

{¶ 6} IT IS THEREFORE ORDERED THAT

{¶ 7} 1) The December 1, 2009 decision of the Attorney General is AFFIRMED;

{¶ 8} 2) This claim is DENIED and judgment is rendered for the state of Ohio;

{¶ 9} 3) Costs are assumed by the court of claims victims of crime fund.

_____
LLOYD PIERRE-LOUIS
Presiding Commissioner

_____
KARL C. KERSCHNER
Commissioner


_____
RANDI M. OSTRY
Commissioner


      A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 4-30-2010

Jr. Vol. 2275, Pgs. 73-76

To S.C. Reporter 6-9-2010